**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AARON FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC; | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Aaron Franklin brings this action to secure redress for improper credit reporting practices by defendant Equifax Information Services LLC ("Equifax") , in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question) and 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3.      Venue in this District is proper because defendant is subject to jurisdiction here and because the case arises out of the misreporting of a lawsuit filed in Cook County, which misreporting was done by Equifax's agents there.

**PARTIES**

4.       Plaintiff is a resident of Arizona.

5.      Defendant Equifax is a credit reporting agency that does business in Illinois.

1

Its registered agent and office are Illinois Corporation Service Company, 700 S. 2nd St., Springfield, IL 62704.

## FACTS

6.    In September 2006, MRC Receivables Corporation filed a lawsuit in Cook County, Illinois against plaintiff for an alleged credit card debt, case number.

7.    Plaintiff was never served.

8.    Plaintiff only found out about the case when he obtained a copy of his Equifax credit report and saw that it reported that a judgment had been entered against him (Exhibit A).

9.    Plaintiff filed a motion to quash the purported service and vacate the judgment on August 29, 2011. On September 7, 2011, the Court entered an order granting the motion to quash and vacating the judgment (Exhibit B).

10.    Exhibit B clearly states that "it is hereby ordered that the Motion: to Vacate Default Judgment of April 3, 2007 is GRANTED."

11.    On September 12, 2011, plaintiff wrote to Equifax asking that the notation regarding the MRC judgment be removed, as the judgment no longer existed.  Plaintiff also disputed that he owed MRC anything.  Plaintiff enclosed a copy of the Court's order.  A copy of plaintiff's correspondence is attached as Exhibit C.

12.    On September 20, 2011, Equifax sent plaintiff correspondence stating that "Equifax has investigated the item(s) in question and the credit file(s) has been updated accordingly." A copy of Equifax's correspondence is attached as Exhibit D.

13.    Exhibit D also requested that plaintiff complete a form and return it to Equifax, which plaintiff completed and sent via certified and regular mail on September 28, 2011

(Exhibit E).

14.     On October 5, 2011, Equifax sent plaintiff correspondence with the results of its investigation (Exhibit F).

15.     Exhibit F states that "We have reviewed the judgment information. Case or ID#- 06M1176170 The results are: Equifax has verified that this public record item is reporting correctly."

16.     Exhibit F continues to report the existence of a judgment against plaintiff even though it was vacated by the September 7, 2011 Court order.

17.     On November 1, 2011, plaintiff again disputed the judgment by certified and regular mail, with a copy of the Court's order attached.  A copy of his correspondence is attached as Exhibit G.

18.     On November 7, 2011, Equifax sent plaintiff correspondence attached as Exhibit H in response to the dispute. Exhibit H does not contain any reference to the judgment in question.

19.     On December 28, 2011, plaintiff obtained a copy of his Equifax credit report (Exhibit I).

20.     Exhibit I continues to report as presently outstanding the judgment entered on April 3, 2007 and vacated on September 7, 2011.

21.     On December 29, 2011 plaintiff sent Equifax a dispute letter via regular and certified mail specifically asking Equifax to correct its records. A copy of his correspondence is attached as Exhibit J.

22.     On or about December 29, 2011, Plaintiff applied for a Citi Platinum Select/

Advantage Visa Signature credit card.  Several days later Plaintiff was denied the credit, based upon

"a derogatory public record or collection filed," which continues to be reported on Plaintiff's credit

report.  Plaintiff otherwise has good credit.

## VIOLATION ALLEGED

23.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Equifax is required

to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item

on her credit report.

24.     Section 1681i provides::

**§1681i.  Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

**(1) Reinvestigation required.**

> **(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

> **(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

> **(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

4

**(2) Prompt notice of dispute to furnisher of information.**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.**

**(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

25.     Equifax willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute, (b) refused to consider "all relevant information submitted by the consumer" and (c) failed to correct plaintiff's credit report.

26.     Equifax violated 15 U.S.C. §1681n and/or §1681o.

27.     Plaintiff has been damaged by the false reporting. Plaintiff attempted to obtain a mortgage loan but was initially denied the loan because of the false reporting. Plaintiff has also

expended extensive time and effort attempting to get Equifax to correct its false reporting.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Equifax for:

       (1)     Appropriate damages;

       (2)     Attorney's fees, litigation expenses and costs of suit;

       (3)     Such other or further relief as the Court deems proper.


                          s/Daniel A. Edelman
                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

         Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


                          s/Daniel A. Edelman
                          Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)